IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN,<br>AIS 177303,<br><br>    Plaintiff,<br>v.<br><br>ROSALYNN WILSON, et al.,<br><br>    Defendants. | Case No. 2:24-634-RAH-CSC<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Proceeding pro se, Plaintiff Marcus Dewayne McQueen, an inmate at the Limestone Correctional Facility in Harvest, Alabama, filed this complaint on a form used for 42 U.S.C. § 1983 actions. Doc. 1. Named as Defendants are Rosalynn Wilson, Curtis Washington, and Dee Dee Wilson. In his largely incoherent complaint, McQueen alleges that, sometime "between 2002 and 2005," Defendants schemed to "rob" him of the $5,000 he paid for an automobile in Birmingham, Alabama, by filing a false report with the police about the vehicle's ownership. *Id*. at 2–4. McQueen appears to claim that Defendants' false report resulted in his false arrest by the Birmingham Police. *Id*. He seeks $2 million in damages. *Id*. at 4. Upon review of McQueen's Complaint, the undersigned finds that this

case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).[1]

## II. DISCUSSION

A 42 U.S.C. § 1983 action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

McQueen states that the incident about which he complains occurred in "Woodlawn in Birmingham, Alabama, and Atlanta Ga." Doc. 1 at 2. Closer review of his allegations reveals that most of the acts about which he complains—the scheme to "rob" him, the false report to police, and his false arrest by police—appear to have taken place in Birmingham, a city in the federal jurisdiction for the Northern District of Alabama. *Id.* at 2–4. As for Atlanta, McQueen refers vaguely to a phone call about a drug deal that Defendant Rosalynn Wilson made to him from Atlanta while he was in Birmingham. *Id*. at 3. And he suggests

---

[1] Upon filing the Complaint, McQueen filed a motion in support of a request for leave to proceed in forma pauperis. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

that, after he was "robbed" in Birmingham, Defendant Rosalynn Wilson and her boyfriend took his money to Atlanta. *Id*. at 4. McQueen describes no events giving rise to his claims that occurred in the federal jurisdiction for the Middle District of Alabama. He also identifies no Defendant who resides within the Middle District of Alabama. He states that the address of Defendant Curtis Washington is in Birmingham and that the address of Defendant Rosalynn Wilson is in Atlanta. He does not indicate an address for Defendant Dee Dee Wilson.

McQueen identifies no basis for proper venue in the Middle District of Alabama. Because a substantial part of the events giving rise to his claims occurred in Birmingham, Alabama, and at least one named Defendant resides in Birmingham, the undersigned finds that proper venue for McQueen's action is the Northern District of Alabama. Therefore, in the interest of justice and for the parties' convenience, this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).[2]

It is further ORDERED that the parties shall file any objections to this Recommendation by **January 17, 2025.** A party must specifically identify the factual

---

[2] In recommending transfer of this case, the Court makes no determination on the merits of the claims presented in the Complaint.

3

findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 3rd day of January 2025.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE